

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2007

# USA v. Cummings

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4777

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Cummings" (2007). *2007 Decisions.* Paper 1107.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1107

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4777

———

UNITED STATES OF AMERICA

v.

CALFORD CUMMINGS,
*Appellant*

———

On Appeal from the District Court of the Virgin Islands
Division of St. Thomas and St. John
(D.C. Criminal No. 3:05-cr-00020-G-001)
District Judge: Honorable Curtis V. Gomez

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2007

Before: SLOVITER, STAPLETON, and VAN ANTWERPEN, *Circuit Judges*.

(Filed: May 15, 2007)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

Appellant Calford Cummings pled guilty to a one-count indictment charging him

1

with attempted entry by a previously deported alien who has not obtained the express permission of the Attorney General to reapply for admission, in violation of 8 U.S.C. § 1326(a). He now argues: (1) the waiver of his appellate rights contained in the plea agreement was not knowing and voluntary; and (2) his sentence is unreasonable because the District Court failed to meaningfully apply the factors contained in 18 U.S.C. § 3553(a).

The District Court had jurisdiction over this criminal case pursuant to 48 U.S.C. § 1612. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). For the reasons set forth below, we will affirm.

*I.*

On March 3, 2005, a grand jury sitting in St. Thomas, Virgin Islands, returned a one-count indictment charging Cummings with attempting to enter the United States at St. Thomas on February 19, 2005, after having been deported on July 1, 2004, without obtaining the express permission of the Attorney General to reapply for admission. Cummings was arraigned and pled not guilty on March 16, 2005. However, on May 18, 2005, Cummings entered into a plea agreement with the government. Paragraph (f) of the plea agreement expressly states, in relevant part:

> CALFORD CUMMINGS agrees that in the event the Court grants him a reduction of two (2) levels or more, pursuant to § 3E1.1(a), regardless of how the sentence is calculated by the Court, CALFORD CUMMINGS, expressly waives his right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by Title 18, United States Code, Section 3742.

2

Supp. App. at 5 (emphasis in original).

Cummings filed an application for permission to enter a plea of guilty and appeared before Magistrate Judge Geoffrey Barnard. At the change of plea hearing, Judge Barnard conducted an extensive colloquy and concluded that Cummings' guilty plea was entered into knowingly and voluntarily. District Court Judge Curtis Gomez accepted the plea and adjudicated Cummings guilty on June 2, 2005.

After granting a two-level reduction for Cummings' acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), the Presentence Report calculated Cummings' total offense level as 22. At the sentencing hearing, the District Court granted the government's motion for an additional one-level reduction pursuant to § 3E1.1(b), reducing the offense level to 21. With a criminal history category of II, the advisory Guidelines range was recalculated at 41 to 51 months. On September 21, 2005, the District Court sentenced Cummings to 41 months' imprisonment followed by two years of supervised release, and a special assessment of $100. The District Court ordered that Cummings was to be given credit for time served since February 19, 2005. Cummings timely appealed.

*II.*

A defendant may waive his right to appeal in a criminal case if such waiver is entered into knowingly and voluntarily. *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001). To this end, Federal Rule of Criminal Procedure 11 "outlines a series of admonitions and warnings to be provided to the defendant." *United States v. Schweitzer*,

3

454 F.3d 197, 200 (3d Cir. 2006) (citation omitted); *see also Boykin v. Alabama*, 295 U.S. 238, 243 n.5 (1969) (explaining that Rule 11 "governs the duty of the trial judge before accepting a guilty plea"). Relevant to this appeal, the court must inform the defendant of, and determine that he understands, "the terms of any plea-agreement waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N).

We need not reach the issue of the validity of the waiver of appellate rights contained in the plea agreement. Even assuming, *arguendo*, that the waiver is invalid, Cummings' claim that his sentence is unreasonable fails on the merits. In evaluating the reasonableness of a sentence, we determine whether: (1) the court gave "meaningful consideration" to the § 3553(a) factors and any meritorious grounds properly raised by the parties; and (2) whether those factors were "reasonably applied to the circumstances of the case." *Cooper*, 437 F.3d at 329-30. In conducting this review, we look to the entire sentencing transcript, and "we will not elevate form over substance." *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir. 2006). Furthermore, we apply a deferential standard, as "the trial court [is] in the best position to determine the appropriate sentence in light of the particular circumstances of the case." *Cooper*, 437 F.3d at 330. We have noted that "a within-guidelines range sentence is more likely to be reasonable than one that lies outside the advisory guidelines range." *Id.* at 331. Finally, the party challenging the sentence bears the burden to show unreasonableness. *Id.* at 332.

An independent review of the record confirms that Cummings has not met his burden of showing that the District Court's sentence was unreasonable. During the

4

sentencing hearing, the District Court expressly stated that it considered the § 3553(a) factors in reaching Cummings' sentence. Moreover, the only argument raised by Cummings was a request, made through his attorney, that the District Court impose a sentence of time served. After making this argument, defense counsel stated, "I do not see anything else in the report that is worthy of particular attention . . . ." Supp. App. at 34. Because Cummings did not argue for a lower sentence based on any of the § 3553(a) factors, the District Court was not required to expressly discuss and make findings as to each of those factors. *Cooper*, 437 F.3d at 329. Finally, the District Court expressly considered and granted the government's motion for an additional one-level reduction based on Cumming's acceptance of responsibility. The Court then properly recalculated the advisory Guidelines range to be from 41 to 51 months and sentenced Cummings to 41 months, the low end of that range

In sum, the record clearly shows the Court meaningfully considered the § 3553(a) factors and the meritorious arguments raised by the parties, and it imposed a reasonable sentence. Accordingly, we will affirm.